IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ROBBIE PAMELA RAINEY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 4:10-CV-0968-RDP |
| } | |
| **MICHAEL J. ASTRUE,** } | |
| **COMMISONER OF** } | |
| **SOCIAL SECURITY,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OF DECISION

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (the "Act") seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). *See* 42 U.S.C. § 405(g).  Based upon the court's review of the record and the briefs submitted by both parties, the court finds the decision of the Commissioner is due to be affirmed.

### I. Proceedings Below

This action arises from Plaintiff's application for Title II Social Security DIB, dated July 18, 2007, alleging a disability on set date of July 27, 2006.  (Tr. 27, 76, 117).  Plaintiff's application was denied by the Social Security Administration on October 2, 2007.  (Tr. 71). Plaintiff then requested a hearing before an administrative law judge ("ALJ").  (Tr. 68). Plaintiff's request was granted and a hearing was conducted in Gadsden, Alabama, on June 24, 2009, where Plaintiff appeared in person and was represented by an attorney.  (Tr. 23-66, 87).

At the time of the hearing, Plaintiff was 51 years old and had completed a 12th grade education.  (Tr. 27, 151).  Plaintiff had previously worked as a patient care giver, security guard,

and cashier. (Tr. 28, 122). The record shows Plaintiff suffers from fifteen diagnostic problems including high blood pressure, diabetes, depression, anxiety, hypertension, obesity, and restless legs. (Tr. 327, 346, 348). Plaintiff alleges she has been unable to work since July 27, 2006, due to her diabetes, restless leg syndrome, neuropathy, high blood pressure, and depression. (Tr. 146). Plaintiff also alleges additional limitations due to a wrist fracture that occurred in 2007 (Tr. 33, 299), and has indicated that the wrist fracture continues to cause a decrease in grip as well as limiting her from performing other routine functions. (Tr. 33).

Evidence of record shows Dr. James Brown served as Plaintiff's treating physician intermittently from May 1998 through May 2009. (Tr. 405). Dr. Brown diagnosed Plaintiff with diabetes and peripheral neuropathy causing her to have poor balance. (Tr. 406). The record also shows Dr. Brown determined the degree Plaintiff "experiences a restriction in problems for which she is being treated" to be moderately severe. (Tr. 405). According to Dr. Brown, Plaintiff should carry no more than five pounds frequently, stand for no more than three hours, and walk for no more than two hours. (Tr. 407-08).

Due to a lack of funds and difficulty making travel arrangements, Plaintiff also sought the help of Dr. Susan Sumner as a treating physician. (Tr. 36, 280). The record shows Dr. Sumner treated Plaintiff for the same medical issues as Dr. Brown. (Tr. 36, 280-88). Dr. Sumner conducted reflex and range of motion tests on Plaintiff's back, neck, and extremities which resulted in normal results. (Tr. 280). Dr. Robert Estock, a state medical psychiatrist also treated Plaintiff and determined her mental impairment was "Not Severe" depression. (Tr. 304).

Plaintiff appeared at the hearing in Gadsden, Alabama with counsel and Marcia Schulman, a vocational expert. (Tr. 23). In the ALJ 's decision dated July 14, 2009, the ALJ

determined Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" between July 27, 2006 and September 30, 2006. (Tr. 21-22).  The ALJ determined Plaintiff was found not to be under a disability within the meaning of the Act, and not eligible for DIB.  (Tr. 21-22).  On March 3, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3), making that decision the final decision of the Commissioner, and therefore, a proper matter for this court's review.  42 U.S.C. § 405(g).

## II. ALJ Decision

The Social Security Administration has established a five-step evaluation test under the Act to determine whether an individual is disabled.  20 C.F.R. § 404.1.  The steps are followed in order.  When it is determined that the claimant is or is not disabled during any step, the evaluation will conclude.  First, the ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA").  "Substantial work activity" is work activity that involves significant physical or mental activities.  20 C.F.R. § 404.1572(a).  "Gainful work activity" is work ordinarily performed for pay or profit.  20 C.F.R. § 404.1572(b).  Second, the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that are "severe," meaning that it significantly limits the individual's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the ALJ determines the claimant does not have a severe impairment, the claimant is found to be not disabled.  Third, the ALJ must determine whether the claimant has a severe impairment(s), he must then find whether the claimant's impairment or combination of impairments meets or medically equals the standard of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d),

404.1525, and 404.1526).  If the claimant meets the standards of a listed impairment the claimant is disabled.  20 C.F.R. § 404.1520.  If the claimant does not meet the requirements, the ALJ proceeds to the final two steps of the analysis.

The ALJ must first determine the claimant's residual functioning capacity ("RFC") before considering steps four and five.  RFC is the ability of the claimant to perform physical or mental work activities on a continual basis despite limitations from impairments.  20 C.F.R. § 404.1520(e).  Step four requires the ALJ to determine whether the claimant has the RFC to perform the requirements of their past relevant work.  20 C.F.R. § 404.1520(f).  If the ALJ determines the claimant is able to perform past relevant work and SGA was established, the claimant will be deemed not disabled.  The fifth and final step of the analysis requires the ALJ to determine whether the claimant is able to perform other work by considering the claimant's RFC, age, education, and past work experience.  20 C.F.R. § 404.1520(g).  In this last step, the burden of proof shifts from the claimant to the ALJ to provide evidence of the existence of other work in significant numbers in the national economy that the claimant can do despite their RFC, age, education, and work experience.  20 C.F.R. §§ 404. 1512(g), 404.1560(c).

In the instant case, the ALJ determined that Plaintiff: (1) was not under a disability as defined by the Act between July 27, 2006, her alleged onset date of disability, and September 30, 2006, her last insured date (Tr. 21); (2) has medically determinable impairments including diabetes and peripheral neuropathy that were severe impairments; but (3) does not have medically determinable impairments that meet or equal a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 13-14).

The ALJ determined Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with limiting functions precluding climbing ladders, ropes, and scaffolding. (Tr. 14). The limitations also state that Plaintiff should not perform more than the occasional ramp/stair climbing, balancing, stooping, or kneeling. (Tr. 14). By using vocational testimony, the ALJ determined Plaintiff possessed the RFC and past work experience to perform jobs of which exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1569 and 404.1569(a). (Tr. 20).

### III. Plaintiff's Argument for Reversal

Plaintiff presents two arguments for reversing the decision of the ALJ. First, Plaintiff asserts that the ALJ "summarily dismisse[d] the 'opinion evidence' of Dr. Brown and dismissed the same because it was provided on a 'pre-printed non-standard questionnaire' which contained 'conclusory' statements." (Pl.'s Memo. 4) (citing Tr. 18-19).[1] Plaintiff contends the ALJ did not address and consider her functional limitations as stated by Dr. Brown. (Pl.'s Memo. 4). Second, Plaintiff asserts the ALJ incorrectly "repeated the question it contemplated of the vocational expert; however, the residual functions the [ALJ] found Plaintiff could perform were not the same limitations it posed in the hypothetical question." (Pl.'s Memo. 6) (citing Tr. 21, 62-63). Plaintiff further states that there is no vocational testimony that addresses additional limitations determined at step five. (Pl.'s Memo. 7).

### IV. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838

---

[1]Plaintiff quotes the ALJ in her brief on pages four and five citing the record on page 18.

(11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42, U.S.C., §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11 th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V. Discussion

**A.     The ALJ Properly Dismissed Plaintiff's Physician's Assessments.**

Plaintiff first argues that the ALJ summarily (and improperly) dismissed the pre-printed, non-standard form completed by her physician, Dr. Brown, and failed to address functional limitations he noted. (Pl's. Memo. 13). In order to receive DIB, Plaintiff must establish that her disabling conditions began prior to or on September 30, 2006, the date she last met the disability

insured status requirement.  *See* 42 U.S.C. § 423(a); *Moore v. Barnhart*, at 1211; *see also Moncrief v. Astrue*, 300 Fed. Appx. 879, 880 (11th Cir. 2008).  Plaintiff's argument fails for at least three reasons.

The ALJ relied upon substantial evidence to support his opinion that Plaintiff's impairments were insufficiently severe to prevent her from engaging in SGA for a period of twelve months.  *See Keane ex rel. Parcelles v. Comm'r of Soc. Sec.*, 205 Fed. Appx. 748 (11th Cir. 2006).  "To determine the onset date for disabilities of nontraumatic origin, the individual's allegation, work history, and medical and other evidence should be considered."  *Id*. at 750.  A review of the ALJ's decision shows that the ALJ did consider all of these areas concerning Plaintiff's RFC.  (Tr. 13-14).   The ALJ appropriately decided Plaintiff was treated conservatively for her diabetes and neuropathy by examining Dr. Brown's assessments, as well as those of Dr. Sumner, during the relevant period before her alleged onset date of disability of September 30, 2006.  (Tr. 16).  The medical evidence does not indicate Plaintiff sought treatment from January 2006, seven months prior to her alleged onset date, until June 2007, eight months after the onset date.  (Tr. 16, 176-288).  Additionally, the ALJ examined the notes made by Dr. Brown and Dr. Sumner concerning Plaintiff's diabetes, neuropathy, obesity, and depression from January 2005 through May 2009.  (Tr. 18-19).  After taking these into consideration, the ALJ properly determined the statements made between the relevant period (July 27, 2006 through September 30, 2006) to be partially credible.  (Tr. 19).

The court also finds the ALJ properly considered and weighed Dr. Brown's opinions.  The ALJ properly determined Plaintiff had the RFC to perform a reduced range of light work as defined in 20 C.F.R. § 404.1567.  The ALJ determined that Dr. Brown's assessments were

conclusory due to: (1) a lack of evidentiary explanation; (2) the assessment form was a form-limited statement "ostensibly" supplied by Plaintiff's attorney; and (3) the time and relationship Dr. Brown had with Plaintiff. (Tr. 18, 405-08). Contrary to Plaintiff's argument, the ALJ did address her functional limitations as determined by Dr. Brown. (Tr. 18-19, 405-08). However, the ALJ is not mandated to give special consideration to Dr. Brown's opinion, as he may discount the opinion if it is not "accompanied by objective medical evidence or is wholly conclusory." *Crawford v. Comm'r of Soc. Sec.*, at 1159; (citing *Edwards v. Sullivan*, 937 F.2d 580, 583-584 (11th Cir. 1991). There is substantial evidence (some of which was articulated in the ALJ's decision) to support his finding to give Dr. Brown's opinion minimal weight. *See Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997) (illustrating the recognized rule that the ALJ must show good cause for giving less weight to the opinion of a treating physician, where the doctor's opinion was not supported and conclusory).

Additionally, the ALJ did not improperly utilize the added medical source opinions by state medical experts and psychological experts by stating "the opinions of the State agency medical consultant's certainly support the [RFC]." (Tr. 19, 304-347). To determine the weight given to medical opinions, the ALJ must consider the relationship, length of treatment, credibility of the opinions, consistency of opinions, and specialization of the source. 20 C.F.R. § 404.1527(d). The ALJ properly reviewed the record evidence from state agency medical experts by stating that they "did not adequately consider the claimant's subjective complaints" and those assessments were "given less than significant weight." (Tr. 19). Moreover, these acknowledgments were given directly before Plaintiff's statement at issue, in which she argues that the ALJ made a conclusory statement. (Tr. 19, Pl's. Memo. 5, 6).

The ALJ also discounted the opinion of Dr. Brown in determining that it was "less than persuasive and not entitled to considerable weight." (Tr. 19). Pursuant to 20 C.F.R. §§ 404.1527 and 416.927, the ALJ is required to provide appropriate explanations for accepting and rejecting a treating physicians opinion. Furthermore, the Commissioner delegates the responsibility of deciding whether or not a claimant is disabled to the ALJ, who is not limited to using a medical opinion. 20 C.F.R. §§ 404.1527(e), 416.927(e); *see also Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."). Although a claimant may provide a statement containing a physician's opinion of limitations, the ALJ will evaluate the opinion in light of the other evidence presented. 20 C.F.R §§ 404.1513, 404.1527, 404.1545. Accordingly, this court cannot conclude this portion of ALJ's decision was improper.

**B.     The ALJ Did Not Improperly Use an Incomplete Hypothetical Question.**

Plaintiff argues there is no evidence to substantiate the ALJ's decision because the residual functional limitations were not the same limitations posed by the ALJ in a hypothetical question to the VE. (Pl's. Memo. 6). A hypothetical question given by an ALJ must include all of the claimant's impairments. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The ALJ determined Plaintiff retained the RFC to perform a reduced range of light work activity on or before September 30, 2006. (Tr. 14).

Plaintiff argues that the question posed to the VE was incomplete because it did not specifically allow for limitations regarding occasional ramp/stair climb, balance, stoop, kneel, crawl, or crouch and avoid related hazards to unprotected heights and dangerous machinery. (Pl's. Memo. 7) (quoting Tr. 14). However, the ALJ used the word "posturals" in the

9

hypothetical to the VE, and this references the very muscular and support functions that Plaintiff argues were omitted. (Tr. 62-62); SSR 85-15(2)(a), 1985 WL 56857. *See, e.g., Dial v. Comm'r of Soc. Sec.*, 403 Fed. Appx. 420, 421 (11th Cir. 2010) (holding that the court properly determined chemical imbalance was included as the ALJ referenced psychological issues in a hypothetical question). Additionally, contrary to Plaintiff's assertions, the ALJ properly stated the need for Plaintiff to avoid hazardous conditions, which includes "unprotected heights or dangerous activities." *See Heppell-Libsansky v. Comm'r of Soc. Sec.*, 170 Fed. Appx. 693, 699 (11th Cir. 2006) (holding a hypothetical question was proper because it encompassed all of the relevant limitations, including weight limitations and an option to alternate between sitting and standing). Therefore, the ALJ was not required to catalog each specific limitation given the all-encompassing language used.

Finally, the ALJ properly determined that there were existing jobs in significant numbers in the national economy, such as an inspector or checker, that Plaintiff had the ability to perform prior to September 30, 2006. (Tr. 20-21, 63). The ALJ relied on the VE's answer to the hypothetical question, which (as noted above) included all of Plaintiff's limitations. (Tr. 62, 63). *See Wilson v. Barnhart*, at 1227. The VE's testimony was consistent with the Dictionary of Occupational Titles, relevant expert opinion at the hearing, and factual information developed at the hearing. (Tr. 63). There is substantial evidence to support the ALJ's conclusion as to the existence of other jobs in the national economy that Plaintiff could perform prior to the expiration of her insured status.

## VI. Conclusion

The court concludes the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this decision. The Commissioner's final decision is, therefore, due to be affirmed, and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this ____28th____ day of July, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE